Thank you, your honor. I'm assuming you're allowing me to go first as my name is Brad Arndorfer. I represent the defendant, Mr. Speelman, on this appeal on a private attorney in Billings, Montana. I would like to start out by requesting that three minutes be reserved for my rebuttal. Secondly, I would like to express my gratitude to the court on doing this pro bono for Mr. Speelman and allowing us to do this by videoconference is of great importance to me. With that, I would like to start out with a little bit, first of all, addressing the issue of the motions and arguments that have been made to dismiss the appeal because of the plea agreement. There's one part of that that has not been addressed. The court recently sent down the specific question that they asked us to address, and hopefully I have responded and helped address that specific issue. But what hasn't been Under U.S. vs. Franco Lopez case that we cited, we're talking about contract language. At the time this plea agreement was made, the guidelines were mandatory. We couldn't present because the guidelines don't take into calculation anything that's relevant to the issues of sentencing, in my opinion, in these types of cases. There's no guideline calculation for what type of treatment this man needed. There's no part of the guidelines that talk about recidivism, what's the risk of reoffense, all of the things that expert witnesses in the sexual offender field can help us with. There's nothing in the guidelines that talk about victim's rights, about the victim's mother here testifying about what she wanted done in this case. None of those things are of any import under the guidelines. We've got a group of guideline commissioners that are setting out what the court can look at and address. Now that they are not mandatory, is the plea agreement even effective? It is our argument that in plain contract terms, there's been no meeting in the minds. When this case was argued to the district court, when the plea agreement was reached, when the sentencing was held, we had mandatory guidelines. Now that the guidelines are not mandatory, and now that as we're on appeal, we can address under Ameline the Blakeley decision, it's our position at this point in time that the motion to dismiss means little if anything because the plea agreement is of no effect. Counsel, can you hear me? Yes. I can. I have a little different perspective that I want to ask you about on the waiver issue. Sure. Paragraph 17 of the plea agreement says the defendant knowingly, expressly, and voluntarily waives the right to contest either the conviction or the sentence or the application of the sentencing guidelines in any post-conviction proceeding, including any proceeding under 28 U.S.C. 2255. Now, if I look up the words in a dictionary, an appeal comes after a conviction. Because you appeal after getting a final judgment, and it's a judgment of conviction. So an appeal would be a post-conviction proceeding. But if I look at the way lawyers talk, the way lawyers use these words, usually lawyers use the term appeal to mean the federal and state habeas and other remedies subsequent to the direct appeal. If all you waived was collateral challenges and remedies in the nature of habeas, then you're not barred at all. If you waived anything whatsoever after the judgment, then you are barred, except for this new argument that you just gave us, if that were to prevail. What I want to know is, is there any case law that tells us that a waiver of post-conviction proceedings that does not expressly waive appeal does or does not waive appeal? Do you understand my question? I believe I do, Your Honor. And my response is this. I can't find anything in the court that specifically addresses this type of language. Any of our sister circuits? I think there is a literal interpretation. Any of our sister circuits? Not that I have found. I have addressed in my briefs, and I am strongly encouraging this Court, if it disagrees with the literal interpretation, to adopt the three-pronged But in the sister circuits, I haven't found anything that's specific to the literal language here. Your Honor, it was my understanding, and I think the literal understanding of this, is we don't have a plea agreement as to what the sentencing guidelines are going to be. See, that's a big stretch, what you're asking us. Oh, we lost him. Actually, I was trying to ask him. Ms. Hurd, are you here? I'm just back on. Okay, nobody hit any buttons. Let me ask a question now. Okay, let's get Mr. Arndorfer back. I'm here. I think we were discussing the waiver. I had a question for him. Mr. Hurd, is it? No, that's the prosecutor. I can't remember. Mr. Arndorfer. I have a question for the appellant's lawyer. Could we get the appellant's lawyer back? We've got the government lawyer. He has a couple of seconds, and then his screen will be back. Am I on the screen now? Okay, there you are. Here's my question. If I understand your argument right, your argument would mean that once Booker came down and said the guidelines are not mandatory, it would be Katie bar the door. All plea agreements that waived the right to appeal would be invalid and abrogated by Booker. Absolutely. Absolutely? Absolutely. Absolutely. There's completely no meeting of the minds. There can't be a meeting of the minds when the meeting of the minds was for mandatory guidelines where we can't present any of what I would consider relevant evidence in deciding a sentencing of this nature. We can't present any of that. Yeah, clearly, there was no meeting of the minds. Has this argument been made before? I have found no case directly on point. Okay. Do you want to continue with your argument? I believe I got cut off some, and I want to try to get back. There is some overlapping, in my opinion, as to the arguments between the cross-reference, which we consider illegal, and the illegal use of this cross-reference, taking a charge of possession of child pornography punishable by up to five years and doing a guideline calculation for 26 years. There needs to be an expansion of U.S. v. Lawton where they say you can't use it for upward departures. You sure can't use a cross-reference in this case. If it's illegal, it goes back to the waiver issue. Can you waive an illegal sentence? Can you waive your right to assume you only have one count and the maximum punishment is five years and the judge gives you 26 years? Can you waive your right to appeal that? I think that would be ridiculous. I don't think that's appropriate. That's clearly a waiver. Where does illegal sentence come into it? I thought he got a sentence that's within the statutory limits. The only question is whether error was committed in application of the guidelines. No, Your Honor, our argument in a brief has been that this is an illegal sentence in that they used a five-year Class D felony to cross-reference to do these guidelines calculations. And under U.S. v. Lawton and the procedure set out in U.S. v. Crocker, 185 F. 3rd 1024, it's illegal to do this. Well, we held in right that the court is supposed to use cross-references, has to use them on the basis of relevant conduct. I agree, but not in the facts of this case, not in the facts of this case. I mean, what we've got is a case, a charge that was dismissed because there's no jurisdiction. It's a dismissed count. It's a novel issue. I can't find anything specifically. Our argument is this is closest to U.S. v. Lawton, a departure case, when you've got dismissed conduct because these pictures were taken without any intent or any proof that they were going to be distributed or used anything but for his own personal use. So you're saying that a district judge could not enhance a possession of child pornography sentence because the defendant had also raped the child, assuming that it wasn't on a federal reservation. Rape is a state crime, not a federal crime. Would that follow from your argument? Is that right? I don't know how to answer. Sorry, Your Honor. I don't know how to answer that. I don't think it is the same thing as what we're talking about. The fact is that we've got a five-year maximum on this case. I see that I'm very close to being out of time. This has been slightly disjointed because of the interruption. So are there any further questions? The judges may answer them. We'll give you a minute or two on rebuttal if you wish to have it. Is that fair? All right, thank you. Now we'll hear from Ms. Hurd. May it please the Court and counsel, my name is Marcia Hurd, and I'm an assistant U.S. attorney in the District of Montana. I'm actually arguing for South Carolina, and I appreciate your willingness to allow me to argue this way today. The first issue, of course, in this case is the waiver issue, the issue that this defendant signed a plea agreement waiving his right to appeal this sentence. Even if the Court wishes to go past that argument, his other two arguments fail as well, and I'd like to spend some time on those. The argument first is the proper application of the cross-reference, and the defendant indicates he can find no authority for such an application, and the authority has been squarely decided by this Court in the Wright case. The Wright case was the very identical class. A defendant pled guilty to possession of child pornography, was cross-referenced because she had taken those photographs, and then was sentenced within the statutory maximum of the pornography possession case. That is exactly what happened here. Mr. Spielman did not get anything more than the statutory maximum of 60 months for the possession of child pornography. This Court very carefully went through the nine-step process set forth in Crawford and looked at relevant conduct as it is required to do. And the answer to Judge Kleinfeld's question to the defense counsel is, absolutely, the Court can consider the rape of a child that occurs on or off the Indian Reservation, can look at state court convictions, can look at relevant conduct that would never be chargeable under the federal system. That's the point of relevant conduct. It's to assess the actuality of what it is the defendant has done. First, and it should affirm the district court's very careful calculations that went into the application of the cross-reference, the grouping of the counts in this case, and should approve, even on the de novo standard, the court's application to guidelines, because they were absolutely accurate. With regard to the defendant's double jeopardy argument, that argument fails as well under this Court's authority in the Archdale case. The defendant makes an argument that he is being punished twice for the age of the victim in the case. The Archdale case very specifically says that when each implication of a specific factor serves a unique purpose, they are to be counted. And aggravated sexual abuse, which is the case in which he's making the double jeopardy argument, can be committed in a number of ways under the federal system. The commission has expressly forbidden double counting and is aware that it can. But in this case, it is not double counting to use the victim's age twice, because the entire harm of the victim's age was not captured within the base offense level for the guideline that was used for that case. I think that this Court also needs to affirm that argument that was rejected by the district court, which is there is no double jeopardy here under the Archdale decision. Help me a minute on the waiver. This is very unusual grafting. Usually, the waivers waive appeal. And in addition, they waive any post-conviction proceeding, including but not limited to 2255s. Do you have any explanation for why this has the unconventional language? It's simply the appellate waiver that is in our standard plea agreement, Your Honor. That's your standard one? It doesn't say appeal? That's the one that's in our standard directory that we use. It is intended as an appeal waiver and a waiver of any post-conviction relief. And I think it's clear. Why doesn't it say appeal? That sounds like if we think you're wrong, we need to publish, because it's your standard form. It's not just one AUSA that messed up on the drafting. Why doesn't it say appeal? As Judge Schroeder asked it. Ms. Hurd, why doesn't it say appeal? What? I simply don't have an answer for you. This is just the standard language that has been in our plea agreement before. Are you talking about your district plea agreements or nationally the plea agreements? No, I'm talking about simply our district. Because we have other cases this week that have waivers, and they talk about appeal as well as post-conviction. I think that's absolutely correct, Your Honor. Every district has their own versions of plea agreements, and it may not be as artfully worded as it could be, and I believe it will certainly be more artfully worded in the future. If you wish to go past the appeal waiver section to the arguments, certainly we would invite you to do so, because there's absolutely no error committed by the district court. However, on the appeal waiver issue, this defendant has never believed that he could appeal. He was informed by the plea agreement. He was informed at the time of the change of plea. He was informed by the pre-sentence report, and then informed finally by the district court at the end of the sentencing proceeding when he said, you have waived your right to appeal. There was absolutely no commentary from the defense, the defendant, the defense attorney, saying, no, Your Honor, we haven't waived our right to appeal. I think it's very clear that that's what was waived within this plea agreement. The argument that he's making today about there was no meeting of the minds and the plea agreement is not effective is simply one I haven't heard before 10 minutes ago. I had no idea that this argument was coming or that there was some sort of dispute that was going to be raised, that every plea agreement post-Booker, Fanfan, and Annaline is invalid because there was no meeting of the minds. I think that is quite an interesting position to take. Basically, the defendant is a bad position now because the guidelines are discretionary rather than mandatory, and his complaints about not being able to present testimony at the sentencing hearing are simply nonsense. He could have presented any testimony he wished from anybody about a sex offender evaluation, about recidivism, about what treatment was needed, and all of those things are to be considered by the court, whether the guidelines were mandatory or discretionary, in fashioning a sentence in this case. And he certainly had that opportunity and chose not to do so. Does the Booker or do the Booker, Fanfan, Annaline cases apply to the sentence in this case? Well, I think they do, Your Honor, and I think that Annaline remand is going to be in order because, of course, he was sentenced at a time when the guidelines were held to be mandatory. Are there any other questions that I could answer for the court? No, there don't appear to be any. Thank you. Thank you very much. If it please the court. Yes. Yes, you're back. I didn't get the court back. Okay, good. If it please the court, if we're going to do a Booker-Fanfan remand, which they seem to have stipulated to, which is exactly what my argument was, then I think it's appropriate for the court to address the issues that have been raised on this appeal so that we don't go back, have a new sentencing, and have the same problem again. Again, I would say that there's been no meeting of the mind. Wait a minute. I thought your argument was that there had never been a plea agreement. A Booker, an Adeline remand would just be to add for the district court to say whether or not the sentence would have been any different if he had understood that these were advisory. Not my, I mean, he's got to at least hear our arguments on a non-binding, I mean, you know, I can guarantee you that we would present the expert witnesses that examine this young man on an Adeline decision and present the evidence that's relevant, like victim's rights, appropriate disposition. All of those on an Adeline remand would be appropriate arguments to the district court so that things that didn't mean anything when it was mandatory can now mean something when they're not mandatory on the court. And so I believe that an Adeline remand means that the court has to re-hold the sentencing hearing and then decide whether or not that they would agree to use the guidelines again. Your Honor, I just wanted to quickly, in rebuttal, just mention the double counting. They cite the Archdale decision. I think the Archdale decision is not appropriate as binding in this case because they talk about use of force. The U.S. v. Wright case that the prosecution cited in their brief specifically addressed this cage thing and did find it double jeopardy, did find it as double counting. And I think the U.S. v. Wright case is directly on point. The double counting is not appropriate. It is a violation of double jeopardy, and we'd ask that the court look at the language in U.S. v. Wright. I think that issue has clearly been decided by the circuit. All right, thank you. Your time has expired. The case just argued is submitted for decision.
judges: Schroeder, Alarcon, Kleinfeld